Parker Unemployment Compensation Case.

Argued December 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Norman Jim Parker,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., March 19, 1963:

The Unemployment Compensation Board of Review found that the claimant was disqualified for benefits

because of his wilful misconduct in refusing to do certain work assigned to him by his supervisor. He argues that the finding of misconduct is not based on the evidence, that the real reason for his discharge was racial prejudice, that he was not given a warning as provided by company rules; that the company disregarded its own rules as to giving him proper hearings and that the board accepted hearsay testimony from the employer's representative.

There is adequate evidence from which the board could find that the claimant was discharged for refusing to do a job assigned to him and not because of racial discrimination. At the hearing before the referee the claimant admitted that he refused to do a job assigned to him by his supervisor. While he denied this at a remand hearing and testified that he had merely protested as discriminatory the conduct of his supervisor in assigning the job to him, the board was not bound to ignore his prior admission, to accept his subsequent testimony that he was discriminated against, or to infer without evidence that the alleged discrimination was based upon the claimant's race. As stated in *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 575, 56 A. 2d 380, 383 (1948), and repeated in innumerable decisions of this court: "The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. Our duty is performed by studying the testimony in the light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it."

While there is no competent evidence of a company rule requiring that a warning be given before dismissal, the claimant had received a written warning from the plant manager that his charges of racial discrimina-

tion by his supervisor were unfair and unfounded and that a repetition of them would be considered just cause for immediate dismissal. Assuming that a warning was necessary, the claimant's refusal to carry out the order given him by his supervisor because of his opinion that he was being discriminated against fairly falls within the scope of the warning given.

There also is no competent evidence of a company rule giving employes a right to be heard before being dismissed. Again, assuming that there was such a rule, the personnel director testified that the claimant was brought to his office and, when asked in the presence of the plant manager and the supervisor whether he had any question to ask or anything to say, the claimant merely replied: "It's no use you can just fire me", whereupon the plant manager discharged him.

Since there is adequate competent evidence to support the board's decision and it does not appear that its findings or decision were based, even in part, upon the hearsay testimony complained of, the admission of such testimony does not warrant, much less compel, a reversal of the board's decision.

The reason for his discharge, whether he was entitled to a warning and whether he disregarded the warning he received are all questions of fact for the board, whose findings against the claimant on these points are supported by the evidence and, therefore, conclusive upon us. *Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A. 2d 632 (1962).

Decision affirmed.